IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOHNNIE SWANS, #108928                                                    PETITIONER

VERSUS                                             CIVIL ACTION NO. 5:05cv208DCB-JCS

STATE OF MISSISSIPPI AND JIM HOOD                                   RESPONDENTS

MEMORANDUM OPINION

This matter is before the court, sua sponte, for consideration of dismissal. Petitioner Johnnie Swans, #108928, an inmate at the East Mississippi Correctional Facility, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.

Petitioner was convicted of murder in the Circuit Court of Yazoo County, Mississippi on March 1, 2003. Petitioner was sentenced to serve life in the custody of the Mississippi Department of Corrections. Petitioner pled guilty to the charges. The petitioner presents the following grounds for habeas relief in the instant petition: (1) petitioner was denied psychiatric evaluation and treatment; (2) petitioner's motion for discovery or transcript was not filed; (3) petitioner's guilty plea was involuntary.

As required by Haines v. Kerner, 404 U.S. 519 (1972), this court has liberally construed petitioner's allegations and has reached the following conclusion.

Petitioner is required to exhaust his available state remedies before he will be allowed to seek federal habeas relief. 28 U.S.C. § 2254 (b)(1)(A) & (c). More specifically, he must present his claims to the state courts in such fashion as to afford those courts a fair opportunity to rule on the merits. Picard v. Connor, 404 U.S. 270 (1977). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if

he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).  It is clear from the face of the petition that petitioner has not exhausted his available state remedies.

Petitioner does have an available state remedy under the Mississippi Post-Conviction Collateral Relief Act, Miss. Code Ann. §§ 99-39-1 to -29 (Supp. 1996).  Petitioner has three years after the entry of judgment of the conviction to file a motion under this statute.  Miss. Code Ann. § 99-39-5 (2) (Supp 1996).  Petitioner states that he was convicted on March 1, 2003, and therefore he is clearly within the time period to file such a motion.  Hence, the petitioner's motion shall be dismissed without prejudice for failure to exhaust his available state remedies.

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the 13th day of December, 2005.

S/DAVID BRAMLETTE
UNITED STATES DISTRICT JUDGE